IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01394-PSF-BNB

HANNAH BRILL,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine corporation;
HOUSEHOLD INTERNATIONAL GROUP LIFE, ACCIDENTAL DEATH AND
DISMEMBERMENT AND LONG TERM DISABILITY PLAN, an ERISA
welfare benefit plan;
HOUSEHOLD INTERNATIONAL, INC., as Plan Administrator and Plan Sponsor; and
DECISION ONE MORTGAGE, INC., a North Carolina corporation,

    Defendants.

## ORDER SETTING CASE MANAGEMENT CONFERENCE UNDER F.R.CIV.P. 16

THIS MATTER is before the Court on a complaint filed by Plaintiff Hannah Brill seeking to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). In light thereof, a scheduling conference pursuant to F.R.Civ.P. 16(a) and D.C.COLO.LCivR 16.1 is necessary. It is, therefore,

ORDERED:

1. A scheduling conference is set for **September 6, 2005 at 9:30 a.m.** in Courtroom A602 of the United States Courthouse located at 901 19th Street, Denver, Colorado. The parties **shall not** prepare or submit a proposed scheduling order; however, consistent with D.C.COLO.LCivR 16.1, lead counsel shall attend the conference.

2. At least 10 days prior to the scheduling conference, the parties shall stipulate to and file all pertinent plan documents including summary plan descriptions. At the conference, the parties shall be prepared to address all applicable provisions in the plan documents.

3. At the scheduling conference, the parties shall be prepared to address the following:

   (a) Amount in controversy:

   - What is the approximate value of the benefits at issue?

   (b) Standard of Review:

   - Do the plan documents confer discretion upon the plan administrator to interpret the plan?

   - Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

   - If under an arbitrary and capricious standard requiring deference to the plan administrator, is there a "conflict of interest" or other "procedural irregularity" that requires the Court to "slide along the scale" with respect to the amount of deference, as required under *Fought v. Unum*, 379 F.3d 997, 1006-07 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1972 (2005).

   (c) Administrative Record:

   - What documents comprise the administrative record?

   - How much time do the parties need to compile and submit the administrative record?

   (d) Discovery:

   - Does the claimant contend that the plan administrator had a conflict of interest in administering the plan? If so, are there facts in dispute concerning this issue?

- Is there a need for discovery?  If so, as to what issues?

(e) Any other issues enumerated in F.R.Civ.P. 16(c).

DATED: July 28, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge